IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL D. PARAYNO, <br><br> Defendant. | No. C 12-02223 SI <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

On August 10, 2012, the Court held a regularly-noticed hearing on plaintiff's motion for default judgment. Plaintiff appeared through counsel. No one appeared on behalf of defendant. The Court GRANTS plaintiff's motion for default judgment.

**BACKGROUND**

Plaintiff, the exclusive licensor of rights to exhibit certain closed circuit and pay-per-view sports programming, brought suit against defendant Michael D. Parayno, the owner/operator of Birdland Jazz and BBQ operating at 1733 Sacramento Street, Berkeley, CA. The complaint alleges that defendant showed a boxing program in his establishment without a license. Plaintiff's complaint alleges that defendant is liable under the Federal Communications Act, 47 U.S.C. § 605 *et seq.*, for receiving, intercepting and assisting in the receipt or interception of licensed programming.[1] Plaintiff alleges it

---

[1] 47 U.S.C. § 605 prohibits the unauthorized interception of satellite programming. Plaintiff also alleges that defendant is liable under 47 U.S.C. § 553, which prohibits unauthorized interception of cable programming. Plaintiff does not allege, in either the complaint or in the motion for default

secured the domestic commercial exhibit right to broadcast and license *Manny Pacquiao v. Shane Mosley WBO Welterweight Championship Fight Program,* along with the undercard bouts and commentary ("Program"). Plaintiff asserts that had defendant wished to legally broadcast the Program, the cost would have been $2,200. Plaintiff's hired private investigator was present on the evening of the fight, May 7, 2011, in defendant's establishment and saw a portion – presumably one of the undercard bouts – of the Program. *See* Affidavit of Anthony Dazhan. Plaintiff filed a complaint against defendant, who never responded. The Clerk entered default against defendant on July 11, 2012.

## DISCUSSION

The Federal Communications Act, 47 U.S.C. § 605 et seq., prohibits commercial establishments from intercepting and broadcasting to its patrons satellite cable programming. The Act allows an aggrieved party to bring a civil action in federal district court and permits that party to elect an award of either statutory or actual damages. *See* 47 U.S.C. § 605(e)(3)(C)(I). The statute allows the court to award between $1,000 and $10,000 for each violation of section 605 as it considers just. *Id*. at § 605(e)(3)(C)(i)(II). The Court may increase its award by not more than $100,000 when the violation has been "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff's application for default judgment contends that defendant's violation of 47 U.S.C. § 605 *et seq*. was willful and that this Court should enter default judgment in the amount of the statutory maximum, $110,000 plus $2,200 for conversion damages.

This Court declines to grant plaintiff's request for the statutory maximum. The allegations in a complaint regarding the monetary amount of damages that should be granted in a default judgment are not controlling, and "the mere assertion that defendants acted willfully is insufficient to justify enhanced damages." *Kingvision Pay-Per-View Ltd. v. Backman*, 102 F. Supp. 1196, 1198 (N.D. Cal. 2000). Courts that have awarded enhanced damage awards due to willful violations of the Communications Act have cited such factors as the repeated violation of the Act, the intent to profit from the violations and actual profit derived from the violation. *Id*. at 1197-98. Plaintiff's papers do

---

papers which method of transmission defendant used, but plaintiff seeks damages solely under 47 U.S.C. § 605.

2

not disclose whether defendant advertised the broadcast, but plaintiff's affiant states he paid a $20 cover charge to enter defendant's establishment. According to the affidavit of Mr. Dazhan, the capacity of defendant's establishment is approximately "30" people, and three separate head counts while Mr. Dazhan was present showed the number of patrons present to be 30, 30 and 30.  The boxing match was also shown on a large projector on the back wall.  The record is unclear on whether the establishment actually profited from the violation and there are no allegations that defendant is a repeat offender.

"Courts in this district have considered several cases involving pirating of closed-circuit sports broadcasts and, absent a showing of egregious wrongdoing, generally have awarded damages slightly over the statutory minimum." *Universal Sports Network v. Jimenez*, No. C–02–2768–SC, 2002 WL 31109707, at *1 (N.D. Cal. Sept. 18, 2002).  Therefore the Court finds that an enhanced damage award is not warranted under the statute.  Under 47 U.S.C. § 605(e)(3) the Court may award statutory damages between $1,000 and $10,000 for a violation of the Act.  Based on the facts alleged – including the fact that the license fee was $2200, the establishment charged a cover fee and showed the Program on a large screen projector – the Court finds that an award of $5,200 is appropriate.

Plaintiff also requests default judgment on its state law claim of conversion.  The Court finds that the statutory damages in the amount of $5,200 sufficiently compensates plaintiff, and this case does not present a set of circumstances where an additional award might be warranted.  Further, plaintiff's conversion claim raises what one judge in the Eastern District of California has called "the thought-provoking question of whether an interest in intangible property such as an exclusive license to distribute a broadcast signal is the proper subject of a claim of conversion under California law." *See J & J Sports Productions, Inc. v. Hernandez*, No. 09-CV-3389 GEB KJN, 2010 WL 1980186, *6 n.12 (E.D. Cal. May 17, 2010).  California state and federal courts have reached varying conclusions. *Compare, e.g., Fremont Indem. Co. v. Fremont Gen. Corp.*, 148 Cal. App. 4th 97, 119 (Ct. App. 2007) (noting California courts' traditional refusal to recognize as conversion the unauthorized taking of intangible interests not merged with or reflected in something tangible), *with DIRECTV, Inc. v. Pahnke*, 405 F. Supp. 2d 1182, 1189 (E.D. Cal. 2005) (observing that courts have relaxed tangibility requirement, and granting summary judgment for conversion of satellite broadcast programming) and *Don King Prods./Kingvision v. Lovato*, 911 F. Supp. 419, 423 (N.D. Cal. 1995) (finding that plaintiff's exclusive

3

rights to distribute program in California qualified as right to possession of property under conversion claim).

**CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion for default judgment. Docket No. 15. The Court awards $5,200.

**IT IS SO ORDERED.**

Dated: August 10, 2012

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE